```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JOSEPH C. EVANS, JR.,

            Plaintiff,

vs.                              Case No.  2:10-cv-423-FtM-29SPC

TIMOTHY J. BUDZ, K. WASHINGTON, C/O,
PETER PROVENCHER, LT.,

            Defendants.
_____


## ORDER OF DISMISSAL

This matter comes before the Court upon review of the file. Plaintiff, who is civilly committed to the Florida Civil Commitment Center ("FCCC"), initiated this action by filing a *pro se* civil rights complaint form (Doc. #1, Complaint) on July 2, 2010. Plaintiff seeks to proceed *in forma pauperis* in this action. See Affidavit of Indigence (Doc. #2).[1]

**I.**

The Complaint names "Timothy J. Budz, C/O K. Washington, and Lt. Peter Provencher" as Defendants to this action. Complaint at 1.[2] The Complaint does not identify under which constitutional

---

[1] Plaintiff also submitted a Prisoner Consent Form and Financial Certificate (Doc. #3). Because Plaintiff is civilly confined, he is not subject to 28 U.S.C Section 1915(b), which requires "prisoners" to repay the full amount of the filing fee. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002).

[2] The page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system.

provision or federal statute Plaintiff brings this action. Id. at 8. The gravamen of Plaintiff's Complaint is that certain items of his personal property, which were confiscated on February 9, 2010, were not returned to Plaintiff when he was transferred back to "open population" on March 9, 2010. Id. In particular, Plaintiff claims that his "tapes" were not returned with his other personal property, despite being listed on his "inventory sheet." Id. Plaintiff attaches to his Complaint a copy of the FCCC "Property Inventory and Confiscation Sheet" (Doc. #1-1 at 3). The Property and Inventory Sheet reflects that a number of items, including four "tapes," were confiscated from Plaintiff on February 9, 2010. Id. Plaintiff states that when he asked Defendant Washington for the tapes back, Washington "refused to give them back because they [were] altered." Complaint at 9. As relief, Plaintiff asks that the Court "force them to give [his] Christian tapes back." Id. at 10.

**II.**

Despite Plaintiff's non-prisoner status, before the Court grants Plaintiff *in forma pauperis* status and directs the U.S. Marshal to serve his Complaint on Defendants, the Court is required to review Plaintiff's Complaint to determine whether the complaint is frivolous, malicious or fails to state a claim.[3] See 28 U.S.C.

---

[3] As noted earlier, certain portions of the Prison Litigation Reform Act are not applicable to Plaintiff due to his status as a
(continued...)

§ 1915(e)(2)(B)(I)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

---

[3](...continued)
civil detainee. Troville, 303 F.3d at 1260. Nonetheless, the United States Court of Appeals for the Eleventh Circuit previously found that a district court did not err by dismissing a Complaint filed by a civil detainee for failure to state a claim under the *in forma pauperis* statute, 28 U.S.C. Section 1915 (e)(2)(B). Id. at 1260. Other Courts have also found that section 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

However, the Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity. Swann v. S. Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)). The heightened pleading standard is not otherwise applicable. In particular, "the complaint must allege the relevant facts with some specificity." Gonzalez v. Reno, 325 F.3d 1228,1235 (11th Cir. 2003) (internal quotations omitted). "'[M]ore than mere conclusory notice pleading is required . . . [A] complaint will be dismissed as insufficient where the allegations it contains are vague an conclusory.'" Id. (quoting Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984)). Rather, a complaint must "include the specific, non-conclusory allegations of fact that will enable the district court to determine that those facts if proved, will overcome the defense of qualified immunity." Id. (quoting Veney v. Hogan, 70 F.2d 917, 922 (6th Cir. 1995)).

Unsupported conclusions of law or of mixed law and fact in a complaint will not be accepted by the court. Marsh, 268 F.3d at 1036 n.16. Additionally, the court affords "official conduct a presumption of legitimacy." Gonzalez, 325 F.3d at 1235 (quoting U.S. Dep't of State v. Ray, 502 U.S. 164, 179 (1991)).

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001); Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a §1983 action. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-692, 98 S. Ct. 2018, 2036 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

By way of background, the State of Florida enacted the Involuntary Civil Commitment of Sexually Violent Predators' Treatment and Care Act (formerly known as he "Jimmy Ryce Act"),[4] Fla. Stat. §§ 394.910-.913, by which a person determined to be a sexually violent predator[5] is required to be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Fla. Stat. § 394.917(2). The Act was promulgated for the dual purpose "of providing mental health treatment to sexually violent predators and protecting the public from these individuals." Westerheide v. State, 831 So. 2d 93, 112 (Fla. 2002). See also Kansas v. Hendricks, 521 U.S. 346 (1997) (holding that the Kansas Sexually Violent Predator Act did not establish criminal proceedings, and

---

[4] "In Chapter 99-222, Section 1, Laws of Florida, the Legislature removed reference to 'Jimmy Ryce' in the title of the act." In re Fla. R. Civ. P. for Involuntary Commitment of Sexually Violent Predators, 13 So. 3d 1025, 1025 n.1 (Fla. 2009).

[5] A "sexually violent predator" is defined by the Act as any person who:

> (a) has been convicted of a sexually violent offense; and
> (b) suffers from a mental abnormality or personality disorder that makes the person more likely to engage in acts of sexual violence if not confined in a secure facility for log-term control, care, and treatment.

Fla. Stat. § 394.912(10) (2002).

involuntary confinement pursuant to the Act was not punitive).[6] Thus, involuntary commitment of sexually violent predators under the Act is accomplished by a civil, rather than a criminal proceeding. The state legislature, in its statement of "findings and intent," said that the Act was aimed at "a small but extremely dangerous number of sexually violent predators . . . who do not have a mental disease or defect that renders them appropriate for involuntary treatment under the Baker Act (§§ 394.451-394.4789, Fla. Stat.)" Fla. Stat. § 94.910 (2000).

Residents at the FCCC are considered "totally confined" and therefore are subject to internal regulations much like those established by the Florida Department of Corrections. See Fla. Stat. § 394.912(11). A person who is civilly committed is in a position analogous to a criminally confined prisoner. See Pullen v. State, 802 So. 2d 1113, 1119 (Fla. 2001)(in that "the curtailment of the fundamental right of liberty is implicated in both criminal proceedings and involuntary civil commitments").

The Court recognizes, however, that the FCCC is not a prison and Plaintiff is not a prisoner. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). Instead, an individual who has been involuntarily civilly committed has "liberty interests under the due process clause of the Fourteenth Amendment to safety, freedom

---

[6] "Florida's Ryce Act is similar to the Kansas Sexually Violent Predator Act in many respects. See Kan. Stat. Ann. § 59-29a01-a20 (Supp. 2001)." Westerheide, 831 So. 2d at 99 n.6.

from bodily restraint, and minimally adequate or reasonable training" as required to ensure safety and freedom from restraint. Dolihite v. Maughon, 74 F.3d 1027, 1041 (11th Cir. 1996)(citing Youngberg v. Romeo, 457 U.S. 307, 322 (1982)). See also Lavender v. Kearney, 206 Fed. Appx. 860, 862 (11th Cir 2006). Indeed, the Court recognizes that residents at the FCCC are afforded a higher standard of care than those who are criminally committed. Id. (finding that "persons subjected to involuntary civil commitment are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.").

**III.**

Based upon a review of the Complaint and the exhibits thereto, the Court finds that Plaintiff's Complaint fails to articulate a constitutional claim upon which relief can be granted as to any of the Defendants. First, the Complaint is completely devoid of any allegations as to Defendants Budz and Provencher. Thus, Plaintiff fails to aver any affirmative causal connection between these Defendants and any alleged wrongdoing. Marsh v. Butler County, Ala., 268 F.3d at 1059. Consequently, the Complaint must be dismissed as to these Defendants.

As to Defendant Washington, it appears that Plaintiff attributes liability to her on the basis that she "refused" to return Plaintiff's "tapes" to him because they had been "altered."

The Fourteenth Amendment of the Federal Constitution provides, in part, that the State may not "deprive any person of life, liberty, or property, without due process of law[.]" Thus, "a § 1983 claim alleging a denial of procedural due process, requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)(citing Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994)).

To have a property interest, Plaintiff must demonstrate "more than an abstract need or desire for it . . . . He must, instead, have a legitimate claim of entitlement to it" under state or federal law. Board of Regents v. Roth, 408 U.S. 564, 577 (1972). Here, Plaintiff states that the property was not returned because it was "altered." To the extent that FCCC officials deemed the tapes to be contraband, Plaintiff has no property interest in any item that is classified as contraband. See Weems v. St. Lawrence, 2009 WL 2422795 *4, n.6 (S.D. Ga. 2009); see also Steffey v. Orman, 461 F.3d 1218, 1221 (10th Cir. 2006); Lyon v. Ferrier, 730 F.2d 525 (8th Cir. 1984); Kimble v. Michigan Dep't of Corr., 411 F.2d. 990, 991 (6th Cir. 1969).

Even assuming *arguendo* that Plaintiff could demonstrate a property interest in the tapes, he can not show the third element required for a procedural due process claim because the Supreme

Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, even if Plaintiff's tapes were confiscated and destroyed, the Complaint would still be subject to dismissal because Plaintiff does not allege an inadequate post-deprivation process. Indeed, Plaintiff cannot allege an inadequate post-deprivation process because Plaintiff's claim regarding any loss of, or destruction to, his personal property may be raised in a tort action under Florida state law. See Fla. Stat, Section 768.28(1987).

ACCORDINGLY, it is hereby

**ORDERED**:

1. The **Clerk** shall strike Plaintiff's executed "Prisoner Consent Form and Financial Certificate" (Doc. #3) and return it to Plaintiff.

2. The Complaint is **DISMISSED** without prejudice.

3. The **Clerk** shall: (1) enter judgment dismissing this case without prejudice; (2) terminate any pending motions; and, (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___23rd___ day of July, 2010.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record